IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GERARDO ROMERO-MARCANO, SHEILA RODRIGUEZ-AGOSTO AND THE CONJUGAL PARTNERSHIP BETWEEN THEM; AND SÚPER FARMACIA SAN ANTONIO DE CANÓVANAS, INC., OR INDIVIDUALS X, Y AND Z<br><br>Defendants. | CIVIL NO. 26-1118<br><br><br>CLAIMS OF FRAUD TO DEPARTMENT OF HUMAN HEALTH SERVICES, MEDICARE PROGRAM, PURSUANT TO THE FALSE CLAIMS ACT, 31 U.S.C. §3729, ET SEQ. |

**COMPLAINT**

The United States, files this action under the False Claims Act, 31 U.S.C. §3729, et seq. ("FCA"), and common law to recover damages and civil monetary penalties from the defendants' false claims to the United States Department of Health and Human Services, Medicare and Medicaid Programs, all made in violation of federal law.

**II.     JURISDICTION AND VENUE**

1. Jurisdiction is proper pursuant to 28 U.S.C. §1345, and its general equitable jurisdiction.

2. Venue is proper under 28 U.S.C. §1391 and 31 U.S.C. §3732(a), because the events giving rise to this action occurred in the District of Puerto Rico.

3. Pursuant to 31 U.S.C. § 3731(b)(1), a civil action under the FCA may be brought within six (6) years after the date on which the violations of 28 U.S.C. §3729 were committed.

### III. PARTIES

4. The Plaintiff is the United States of America, on behalf of the Department of Health and Human Services ("HHS").

5. Defendants, Sheila Rodríguez-Agosto and Gerardo Romero-Marcano are of legal age, residents of Bayamón, Puerto Rico, and are married to each other constituting a conjugal partnership under a community of property and joint assets arrangement pursuant to the provisions of the Puerto Rico Civil Code, Title V. On May 28, 2025, Defendants, Gerardo Romero-Marcano and Sheila Rodríguez-Agosto plead guilty to charges of conspiracy to commit health care fraud in violation of 18 U.S.C. §§1349 and 1347. Both Defendants entered Plea Agreements in the criminal case 24-366 [8] and [9] (MAJ), which included stipulation of facts that are consistent with the allegations below. See attached Dockets 446 and 448 in criminal case No. 24-366 (MAJ). Both Defendants were also sentenced on August 27, 2025. See attached Dockets 607 and 609 in criminal case No. 24-366 (MAJ).

6. Súper Farmacia San Antonio de Canóvanas, Inc. is a for-profit corporate entity engaged as a community retail pharmacy licensed to operate in Canóvanas, Puerto Rico. As a registered provider to the Medicare and Medicaid Programs, under the National Provider Identifier (NPI) 1194827048, Súper Farmacia San Antonio de Canóvanas, Inc. has a single location at Calle Autonomía #71, Canóvanas, Puerto Rico 00729-3247. For all relevant periods concerning the facts asserted in this complaint, Sheila Rodríguez-Agosto and Gerardo Romero-Marcano owned, managed, and operated Súper Farmacia San Antonio de Canóvanas, Inc.

7. On November 8, 2024, Súper Farmacia San Antonio de Canóvanas, Inc., represented by Gerardo Romero-Marcano, entered into a commercial lease agreement with YSM, Inc., which was represented by Yesenia Santana-Marcano, by virtue of which the former sold to

the latter all of the corporation's furniture, fixtures and movable property inventory, transferring all business endeavors and interests, as a going concern, to YSM, Inc. in exchange of a monthly rent of $5,000, for eight (8) years. Accordingly, YSM, Inc. is being named as a non-party as it keeps assets that may or may have not been the results or proceeds of illegal practices, as well as it is believed to be doing business under Súper Farmacia San Antonio de Canóvanas, Inc.'s NPI.

8. Defendants X, Y and Z are natural or legal persons, acting on their own or organized as partnerships or corporate entities, be that as limited liability corporations, professional service corporations, or in any other form permitted by law, whom we designate with fictitious names, as their true names are not known at present time. Defendant X, Y and Z are jointly and severally liable to the Plaintiff for aiding and abetting and causing false and fraudulent claims to be submitted to the United States Government for payment, and furthering the fraudulent conduct by concealing the scheme, proceeds or assets resulting of fraud.

## IV.  RELEVANT FACTS

### The Medicare Program

9. The allegations set forth below describe the Medicare Program ("Medicare"), as managed by HHS through its executive component, the Center for Medicare and Medicaid Services ("CMS"), for the period of January 1, 2021, to January 25, 2024.

10. At all times relevant to this complaint, Medicare is a federal health care benefit program as set forth in title XVIII of the Social Security Act, 42 U.S.C. §§1395 et seq., that provides medical insurance for covered services to qualified individuals, who are referred to as "beneficiaries", administered by HHS through CMS.

11. The benefits and services provided pertaining to prescription drug coverage are regulated under Medicare Part D, which is an optional benefit that offers prescription drug coverage to beneficiaries who are eligible to Medicare.

12. Beneficiaries obtain Part D benefits by either: (a) joining a prescription drug plan, which covers only prescription drugs, or (b) by joining a Medicare Advantage Plan, which covers both prescription drugs and medical services (collectively, "Part C plans").  Part C plans are operated by private companies, often referred to in the context of pharmacy benefits, as drug plan "sponsors", which are approved by Medicare.

13. Medicare and drug plan sponsors are healthcare benefit programs.

14. CMS assigns pharmacies an NPI number.  A pharmacy dispensing medications to beneficiaries will use its assigned NPI when submitting claims for reimbursement under Medicare Part D.  A pharmacy is allowed to submit claims for reimbursement under Part D only for medications that were <u>legitimately obtained</u>, medically necessary and dispensed in accordance with applicable laws and regulations.

## The Medicaid Program

15. The Medicaid Program ("Medicaid") is a joint federal-state program, established by Title XIX of the Social Security Act, intended to provide benefits to low-income individuals and families, who meet specified eligibility requirements, and other individuals that do not have adequate resources to pay for medical care.  CMS is responsible for overseeing the Medicaid program in participating states and United States territories, including Puerto Rico.  Individuals who receive benefits under Medicaid, are also referred to as "beneficiaries".

16. In Puerto Rico, Medicaid provides prescription drug coverage to its beneficiaries either through "fee for service" plans or through "Medicaid Managed Care Plans", which are administered by private insurance companies, who are paid by Medicaid.

17. Pharmacies participate in the Medicare Part D program and Medicaid pharmacy benefits (collectively "prescription drug plans") by entering into an agreement with a prescription drug plan; with one or more pharmacy benefit managers ("PBMs"); or with a pharmacy service administration organization ("PSAOs"). PBMs act on behalf of one or more prescription drug plans. Through a prescription drug plan's PBM, pharmacies can join a network of providers. A PSAO contracts with a PBM on behalf of the pharmacy.

18. Ordinarily, beneficiaries enrolled in a prescription drug plan obtain prescription medication from a pharmacy authorized by the beneficiaries' prescription drug plan. Authorized pharmacies submit claims either directly to a prescription drug plan or to a PBM that represents a prescription drug plan, after a prescription is filled. To submit a claim for payment, the pharmacy provides the beneficiaries' identification number, the identity of the medical provider who ordered the prescription, and the pharmacy's identification number or NPI, amongst other information. The prescription drug plan or the PBM determines whether the pharmacy is entitled to payment for the submitted claim, proceeding thereafter with the reimbursement of the claim, either directly or indirectly.

**V.     RELEVANT FACTS AND CRIMINAL PROSECUTION**

19. For the period of January 1, 2021, to January 25, 2024, Co-Defendants Sheila Rodríguez-Agosto and Gerardo Romero-Marcano, where the sole owners and shareholders of Defendant Súper Farmacia San Antonio de Canóvanas, Inc., which operated as a licensed community retail pharmacy in Canóvanas, Puerto Rico.

20. For the period of January 1, 2021, to January 25, 2024, Defendant Súper Farmacia San Antonio de Canóvanas, Inc., under Co-Defendants Sheila Rodríguez-Agosto and Gerardo Romero-Marcano's direction, incurred in significant inventory shortages in the number of prescription drugs that were billed to the above-mentioned federal health care programs and dispensed to beneficiaries when compared with the number of prescription drugs that were purchased from legitimate wholesalers as reported to the federal agencies.

21. For the above-stated period, Co-Defendants Sheila Rodríguez-Agosto and Gerardo Romero-Marcano, knowingly and willfully conspired and agreed to purchase large quantities of misbranded and diverted prescription drugs from unlicensed wholesalers, which they made part of the medication inventory of Defendant Súper Farmacia San Antonio de Canóvanas, Inc.

22. From on or about January 1, 2021, to on or about January 25, 2024, Co-Defendants Sheila Rodríguez-Agosto and Gerardo Romero-Marcano personally made more than 270 purchases of prescription drugs from unlicensed wholesalers, which included thousands of diverted and misbranded prescription drugs.

23. For instance, in furtherance of the scheme to defraud, on November 30, 2021, Co-defendant Sheila Rodríguez-Agosto, personally made a purchase from an unlicensed wholesaler, which included:

| Illegal Wholesaler's Order Number | Purchase Date | Misbranded Prescription Drugs Purchased | Units | Order Amount |
|---|---|---|---|---|
| 937698 | November 30, 2021 | Brilinta 90 | 180 | $540.00 |
| 937698 | November 30, 2021 | Flovent 110 | 2 | $270.00 |
| 937698 | November 30, 2021 | Humalog Vial | 10 | $1,350.00 |
| 937698 | November 30, 2021 | Humulin 70/30 | 20 | $1,700.00 |

6

| | | | | |
|---|---|---|---|---|
| 937698 | November 30, 2021 | Humilin N | 20 | $1,700.00 |
| 937698 | November 30, 2021 | Jaumet xr 50/1000 | 120 | $390.00 |
| 937698 | November 30, 2021 | Jentadueto 2.5/1000 | 240 | $780.00 |
| 937698 | November 30, 2021 | Jentadueto xr 5/1000 | 30 | $97.50 |
| 937698 | November 30, 2021 | Lantus Vial | 20 | $2,800.00 |
| 937698 | November 30, 2021 | Xarelto 20 | 300 | $1,575.00 |

24.  In another instance of a transaction made in furtherance of the scheme to defraud, on or about June 28, 2021, Co-defendant Gerardo Romero-Marcano, personally made a purchase from an unlicensed wholesaler, which included:

| Illegal Wholesaler's Order Number | Purchase Date | Misbranded Prescription Drugs Purchased | Units | Order Amount |
|---|---|---|---|---|
| 252399 | June 28, 2021 | Anoro Ellipta | 1 | $180.00 |
| 252399 | June 28, 2021 | Combigan | 1 | $95.00 |
| 252399 | June 28, 2021 | Eliquis 5 | 300 | $885.00 |
| 252399 | June 28, 2021 | Flovent 110 | 3 | $405.00 |
| 252399 | June 28, 2021 | Flovent 220 | 2 | $360.00 |
| 252399 | June 28, 2021 | Flovent 44mcg | 2 | $210.00 |
| 252399 | June 28, 2021 | Humulin 70/30 | 9 | $765.00 |
| 252399 | June 28, 2021 | Humilin N | 10 | $850.00 |
| 252399 | June 28, 2021 | Janumet 50/1000 | 540 | $1,593.00 |
| 252399 | June 28, 2021 | Janumet 50/500 | 360 | $1,062.00 |
| 252399 | June 28, 2021 | Janumet xr 100/1000 | 360 | $1,530.00 |
| 252399 | June 28, 2021 | Janumet xr 50/1000 | 88 | $264.00 |

| 252399 | June 28, 2021 | Jentadueto 2.5/500 | 180 | $531.00 |
| 252399 | June 28, 2021 | Lantus Pen | 2 | $390.00 |
| 252399 | June 28, 2021 | Lantus Vial | 30 | $4,200.00 |
| 252399 | June 28, 2021 | Xarelto 20 | 300 | $1,425.00 |

25. As part of the means and manners of the scheme to defraud, Co-Defendants, Sheila Rodríguez-Agosto and Gerardo Romero-Marcano illegally purchased and diverted prescription drugs obtained from unlicensed wholesalers in resealable plastic bags without any labels, markings, lot numbers, expiration dates or adequate directions as required by law, which created a significant risk of harm to customers of Defendant, Súper Farmacia San Antonio de Canóvanas, Inc. and beneficiaries of the Medicare and Medicaid programs.

26. As part of the means and manners of the scheme to defraud, Co-Defendants, Sheila Rodríguez-Agosto and Gerardo Romero-Marcano illegally purchased, and diverted prescription drugs obtained from unlicensed wholesalers and outside legitimate distribution channels, including prescriptions drugs that were stored in the personal residences of the unlicensed wholesalers from whom they purchased the prescription drugs.

27. As part of the means and manners of the scheme to defraud, Co-Defendants, Sheila Rodríguez-Agosto and Gerardo Romero-Marcano illegally misbranded prescription drugs obtained from unlicensed wholesalers and outside legitimate distribution channels, by repackaging those prescription drugs for resale as though they were duly obtained through the legitimate distribution channels.

28. At all times relevant to the scheme to defraud alleged in this complaint, Co-Defendants, Sheila Rodríguez-Agosto and Gerardo Romero-Marcano executed illegal transactions with the intention of selling the diverted and misbranded prescription drugs from the location of

Defendant Súper Farmacia San Antonio de Canóvanas, Inc., while billing health insurance carriers for said prescription drugs as though they were obtained through legitimate distribution channels, including Medicare drug plan sponsors and Medicaid pharmacy benefit managers, unlawfully enriching themselves in the hundreds of thousands of dollars.

29.     From on or about January 1, 2021, to on or about January 25, 2024, Defendant Súper Farmacia San Antonio de Canóvanas, Inc., under Co-Defendants Sheila Rodríguez-Agosto and Gerardo Romero-Marcano management and direction, made materially false and fraudulent claims to prescription drug plans that the products sold and ultimately dispensed to beneficiaries were authentic and obtained through duly licensed pharmaceutical distribution channels.

30.     As a result, Sheila Rodríguez-Agosto and Gerardo Romero-Marcano, knowingly conspired to use of Súper Farmacia San Antonio de Canóvanas, Inc.'s NPI number to submit unique claims for reimbursement of pharmacy services to the Medicare and Medicaid programs, containing the material misrepresentation that the prescription drugs being dispensed were obtained through legitimate distribution channels, when those unique claims as a matter of fact sought reimbursement for the sale of diverted and misbranded medications, in violation of the False Claims Act.

31. Defendants, Gerardo Romero-Marcano and Sheila Rodríguez-Agosto specifically admitted in their Plea Agreements in criminal case 24-366 (MAJ) that "from on or about 2018 to on or about the date of this indictment [September 19, 2024], [they] engaged in the unlicensed wholesale distribution of misbranded and diverted prescription drugs for financial gain." See attached Dockets 446 and 448 to case 24-366 (MAJ).  They also admitted that they "made material false and fraudulent claims on healthcare benefit plans that the products sold to customers were authentic and obtained through licensed pharmaceutical distribution channels." *Id.*    They

specifically admitted that as co-owners of Super Farmacia San Antonio in Canóvanas, "the total value of the misbranded medications for which [they] fraudulently billed Medicare and Medicaid amounted to approximately $391,959.83." *Id.*

32.  The Court, while presiding over the above-mentioned criminal case, ordered the Defendants to pay $391,959.83 in joint and several restitution to cover the victim's financial losses resulting from their crimes. See Dockets 776 and 777 to case 24-366 (MAJ).

## VI.   CLAIMS FOR RELIEF

### False Claims Act 31 U.S.C. §3729(a)(1)

33.  This is a claim for damages and civil monetary penalties under the False Claims Act (FCA), 31 U.S.C. §3729(a)(1).

34.  Plaintiff incorporates and re-alleges paragraphs 1 through 32 as if fully set forth herein.

35.  By incurring in the acts described above, Defendant Súper Farmacia San Antonio de Canóvanas, Inc., under Co-Defendants Sheila Rodríguez-Agosto and Gerardo Romero-Marcano's management and direction, knowingly presented and caused to be presented to the United States, false and fraudulent claims for reimbursement and approval to the prescription drug plans managed by Medicare and Medicaid Programs, for pharmacy benefits.

36.  Defendants' false and fraudulent actions caused the illegal disbursement of approximately $391,959.83 in payments to Defendant Súper Farmacia San Antonio de Canóvanas, Inc., by Medicare Advantage Organizations and Managed Care Organizations, under Part D of the Medicare program and the Medicaid program, respectively.

37.  These funds, which are the proceeds of Defendants Súper Farmacia San Antonio de Canóvanas, Inc., Sheila Rodríguez-Agosto and Gerardo Romero-Marcano's false and

10

fraudulent endeavors against the United States Government, resulted in benefit of the conjugal partnership comprised between Co-Defendants, Sheila Rodríguez-Agosto and Gerardo Romero-Marcano by virtue of their marriage, while profiting Defendant Súper Farmacia San Antonio de Canóvanas, Inc.

38. Respectively, Part D of the Medicare program, through Medicare Advantage Organizations, unduly disbursed to Defendant Súper Farmacia San Antonio de Canóvanas, Inc. an approximate amount of $295,207.29, while the Medicaid program, through Managed Care Organizations, paid $96,752.54.

39. Pursuant to the False Claims Act, the Defendants are jointly liable to an amount equal to three times the total of single damages the Government sustained as a result of Defendants' fraudulent conduct, to wit $1,175,879.49.

40. Furthermore, each of the false statements on which requests for reimbursement of pharmacy benefits where predicated, constitute a unique claim of provider fraud on the Government, for which a civil monetary penalty must be assigned, as allowed by law, ranging from $14,308 to $28,619, per violation.

41. For the period of January 1, 2021, to January 1, 2024, Defendant Súper Farmacia San Antonio, Inc. failed to produce evidence of having purchased from legitimate wholesalers, any of the following medications:

- Humalog Mix 75/25
- Januvia 100 mg (90ct)
- Humalog Mix 50/50
- Synthroid 25 mcg (90ct)
- Synthroid 50 mcg (90ct)
- Synthroid 75 mcg (90ct)
- Synthroid 88 mcg (90ct)
- Synthroid 100 mcg (90ct)

42. Nevertheless, during this same period, Defendant Súper Farmacia San Antonio, Inc. submitted 98 claims to federal health programs, through prescription drug plans or PBMs, requesting reimbursement for dispensations of the medications listed above to program beneficiaries. Accordingly, Defendant Súper Farmacia San Antonio de Canóvanas, Inc., under Co-Defendants Sheila Rodríguez-Agosto and Gerardo Romero-Marcano's management and direction, made 98 materially false and fraudulent claims to federal health care programs, thus making the Defendants jointly liable for civil monetary penalties in the amount of $2,804,662.00.

### Common-Law Claims Against Defendants

43. Plaintiff incorporates and re-alleges paragraphs 1 through 42 as if fully set forth herein.

44. Co-Defendants Sheila Rodríguez-Agosto and Gerardo Romero-Marcano were unjustly enriched at the expense of the Government by utilizing Defendant Súper Farmacia San Antonio de Canóvanas, Inc.'s NPI number to submit claims for reimbursement. These claims falsely represented that medications were obtained from licensed distribution channels, which was not the case. Accordingly, in equity and good conscience, Defendants should not retain those payments.

45. Under these same facts, the United States mistakenly reimbursed the Defendants based on the false premise that they were eligible for payment. Had the Government known that the products sold to federal health care beneficiaries were not authentic and not obtained through licensed channels, it would not have issued payment.

### XII.   PRAYER FOR RELIEF

WHEREFORE, the United States respectfully requests that judgment be entered in its favor and against the Defendants for three times the $391,959.83 imposed as restitution in the criminal

case, for a total of $1,175,879.49 in compensation of its damages, in addition to civil monetary penalties to be imposed for the 98 identified violations, as allowed by law, for a total amount of $2,804,662.00; and such other and further relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED, in San Juan, Puerto Rico, this 2nd day of March of 2026.

<div style="margin-left: 50%;">

W. Stephen Muldrow
United States Attorney

s/Rafael J. López-Rivera
Rafael J. López-Rivera
Assistant United States Attorney

USDC-PR No. 221213
UNITED STATES ATTORNEY'S OFFICE
Torre Chardón, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
Phone Number: (787)766-5656
Facsimile: (787)766-6219
rafael.j.lopez@usdoj.gov

</div>